In the Matter of FELIX A. LEON, INC.,
Bankrupt.
No. 32-60.

United States District Court
D. Puerto Rico,
San Juan Division.
Aug. 31, 1962.

J. Martin Almodovar Acevedo, Otero Suro & Otero Suro, San Juan, P. R., for trustee.

W. H. Beckerleg, San Juan, P. R., ref- eree in bankruptcy.

RUIZ-NAZARIO, Chief Judge.

The Referee, by his order of May 23rd 1962, denied the motion of Construction Machinery & Supplies Corp. that its claim of $3,653.59 against the bankrupt be allowed as a secured claim, but al- lowed said claim as an unsecured claim. To have said order reviewed Construc- tion Machinery & Supplies Corp. timely filed its petition for review under con- sideration herein.

After hearing argument from the re- spective counsel for said creditor and for the trustee and examining the Certificate and Record on Review and fully consid- ering the memoranda of counsel in sup- port of their respective contentions, the Court is now duly advised in the prem- ises.

The only question before the Court is whether the Referee erred in disallowing the creditor's claim as a secured claim.

The creditor contends that its claim is secured because it represents the bal- ance of the sales price of equipment con- veyed by it to the creditor under a con- ditional sales contract, 10 L.P.R.A. § 31 et seq., duly registered in the office of the Secretary of the Municipality of San Juan where the conditional vendee had its principal office (10 L.P.R.A. § 34).

It appears, and the Referee so found, that although the said conditional sales contract was executed and so registered, nevertheless, the same failed to comply with Sec. 32, Title 10 L.P.R.A. as amend- ed in April 1955 (See 1961 Cum.Pocket Supplement to Title 10 L.P.R.A., pp. 317– 318), because the receipt form in said contract had not been completed nor signed by the conditional purchaser.

The contract in all other respects com- plied with the conditional sales act.

As per said conditional sales contract the balance owed on the purchase price of said equipment amounted to $25,- 685.90.

The purchaser paid the installments on said balance owed which at the time of the bankruptcy had been reduced to $3,- 653.59, i. e. much less than 15% of said original balance.

According to the legislative his- tory of said 1955 amendment to Sec. 32, Title 10 L.P.R.A., said amendment was designed to protect the purchasers of equipment from unscrupulous dealers thereof, so that the former, of neces- sity, would become familiar with all the terms of the deal.

It was not designed to furnish other creditors means to defeat the security of a conditional seller and profit thereby.

Neither was it designed to permit a conditional purchaser, fully aware of the deal he has entered and who has freely enjoyed the use of the equipment and consistently performed the contract by paying a considerable percentage of the contract price, to claim at the eleventh hour that the contract is void because, originally the receipt form had not been completed and signed.

The Supreme Court of the Commonwealth of Puerto Rico in Anacleto Millán Soto v. Caribe Motors Corporation, Civil No. 12,570, decided September 19, 1961 (not yet reported) has definitely and unequivocably decided, that the omission in question does not make the contract void, but merely voidable.

This being so, the debtor, under well established principles of law, may be deemed to have waived his right to avoid the contract or to have ratified and purified the same by his conduct.

One of the most common and generally accepted instances giving rise to such waiver and ratification is the consistent performance of the terms of the contract in a substantial percentage and reaping the fruits thereof, without claiming its infirmity.

That is precisely the situation here. From the factual situation which the Referee had before him it appears unquestionable that the bankrupt consistently reaped the benefits of the conditional sales contract and performed all its terms and conditions without questioning its validity at any time. He paid more than 85% of the original debt, and in the schedules of his bankruptcy he included the only balance owed thereon as one of his debts.

The fact that said balance was listed in his schedules as an unsecured debt is of no consequence.

Neither the bankrupt, nor his creditors, nor the trustee have any standing to question, at this time, the right of Construction Machinery & Supplies Corp. to be considered as a secured creditor for the amount of $3,653.59, outstanding on the conditional sales contract.

The Referee's order of May 23, 1962, under review herein, is hereby reversed, vacated and set aside, and this action is sent back to him for further proceedings consistent with this order.